UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **LEROY SIMMONS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:06-CV-01045-CDP |
| | ) |
| **UNKNOWN BRYANT, UNKNOWN MONJE,** | ) |
| **UNKNOWN KING, UNKNOWN POLICE** | ) |
| **OFFICER, PHELPS COUNTY JAIL and** | ) |
| **MARYLAND HEIGHTS POLICE** | ) |
| **DEPARTMENT,** | ) |
| | ) |
| Defendants. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Leroy Simmons for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Plaintiff's motion for a temporary restraining order, however, will be denied.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

### The complaint

Plaintiff seeks monetary, declaratory and injunctive relief in this action brought pursuant to 42 U.S.C. § 1983. Named as defendants are Unknown Bryant (supervisor, Phelps County Jail), Unknown Monje (supervisor, Phelps County Jail), Unknown King (officer, Maryland Heights Police Department), Unknown Police Officer (officer, Maryland Heights Police Department), Phelps County Jail and the Maryland Heights Police Department.

Plaintiff alleges that defendants unlawfully arrested him, falsely imprisoned him and held him hostage until his brother Frank Simmons could be arrested. Plaintiff states that, on June 30, 2006, defendants King and Unknown Police Officer arrested him without a warrant and took him to the Maryland Heights Police Department. According to plaintiff, he was later picked up by the Phelps County Sheriff's Department and taken to the Phelps County Jail. Plaintiff further alleges that 1) while in intake at the Phelps County Jail, defendant Bryant denied him a telephone call and he was denied a medical checkup; 2) defendant Monje placed him in segregation because he stated that he "did not believe the Fed's [sic] was [sic] aware of the way the jail was run," and 3) he received no treatment for serious medical conditions, including severe chest pains. Plaintiff remained incarcerated until he was released by court order on July 7, 2006, when the court

determined that he was "Leroy Simmons" and that the person sought was his brother "Frank Simmons."  *See* plaintiff's exhibit B.

## Discussion

### A.   Conditions of confinement

Plaintiff's claims regarding denial of a telephone call and a medical checkup during intake and being placed in segregation implicate the type of challenge to the day-to-day administrative decisions of jail officials with which courts are ill-equipped to deal.  *Procunier v. Martinez*, 416 U.S. 396, 94 S.Ct. 1800 (1974), *overruled on other grounds*, *Thornburgh v. Abbott*, 490 U.S. 401, 109 S.Ct.1874 (1989); *Klinger v. Department of Corrections*, 31 F.3d 727, 732 (8th Cir. 1994).  As the Supreme Court recognized, ". . . the problems of prisons in America are complex and intractable, and, more to the point, they are not readily susceptible of resolution by decree."  *Id.* at 404-05, 94 S.Ct. at 1807.  "Moreover, where state penal institutions are involved, federal courts have a further reason for deference to the appropriate prison authorities."  *Id*. at 405, 94 S.Ct. at 1807.

The Court's scrutiny and analysis of the administrative decisions at issue subject such decisions to the type of second-guessing identified in *Martinez*, a role which, as the Court stated, courts are ill-equipped to fill.  Accordingly, plaintiff's complaint as to these issues does not survive review under § 1915(e)(2)(B) and should be dismissed.

Plaintiff's claim regarding lack of treatment for a serious medical condition fails because there is no indication as to how any named defendant knew of his serious medical needs and deliberately disregarded them.  *Farmer v. Brennan,* 511 U.S. 825, 835-36, 114 S.Ct. 1970 (1994). "Deliberate indifference" entails a level of culpability equal to the criminal law definition of recklessness, that is, a prison official "must both be aware of facts from which the inference

could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.,* at 837.  There being no indication that the named defendants are directly and personally responsible for the alleged violation of plaintiff's rights, plaintiff's claims as to this issue do not survive review under § 1915(e)(2)(B) and must be dismissed.  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Glick v. Sargent*, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits).[1]

  **B.**  **Unlawful arrest and false imprisonment**

  Plaintiff's allegations regarding unlawful arrest and false imprisonment against defendants Unknown Bryant, Unknown Monje and Unknown King and Unknown Police Officer[2] survive review under 28 U.S.C. § 1915(e)(2)(B) and should not be dismissed at this time.

---

[1] Had plaintiff named a defendant or defendants who were personally and directly responsible for denying him adequate medical care, the Court would be inclined to find that plaintiff's claim survives review under 28 U.S.C. § 1915(e)(2)(B) and should not be dismissed at this time.  The Court advises plaintiff that he may amend his complaint, pursuant to Rule 15 of the Federal Rules of Civil Procedure, to name a defendant or defendants who are personally and directly responsible for the alleged violation of his rights.  In any case, the Court's dismissal of this issue is without prejudice.

[2] In general, fictitious parties may not be named as defendants in a civil action.  *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994).  An action may proceed against a party whose name is unknown, however, if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery.  *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985).  In the case at hand, the complaint contains allegations specific enough to permit the identity of "Unknown Police Officer" to be ascertained after reasonable discovery.  Accordingly, the plaintiff's complaint against defendant "Unknown Police Officer" may proceed.

Plaintiff's allegations against defendant Phelps County Jail must be dismissed because a jail is not a suable entity. *See Lair v. Norris*, 32 Fed. Appx. 175, 176, 2002 WL 496779 at *1 (8th Cir. 2002) (unpublished); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999) (en banc) (§ 1983 suit cannot be brought against state agency), *cert. dismissed*, 529 U.S. 1001 (2000); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)(jails are not entities amenable to suit); *McCoy v. Chesapeake Correctional Center*, 788 F.Supp. 890 (E.D. Va. 1992) (local jails are not "persons" under § 1983). As such, the complaint will be dismissed as legally frivolous as to defendant Phelps County Jail.

It is unclear whether defendant Maryland Heights Police Department is a suable entity subject to municipal liability under § 1983. Generally, municipal police departments are not considered legal entities subject to suit. *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (municipal police department not a "suable entity" as such; simply a department or subdivision of the City government); *see also Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"). Nevertheless, even assuming, arguendo, that the police department is a suable entity, plaintiff has failed to allege that defendant's unlawful actions were performed pursuant to "policy or custom." *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *De La Garza v. Kandiyohi County Jail*, 18 Fed.Appx. 436, 437, 2001 WL 987542, at *1 (8th Cir. 2001) (unpublished) (police departments are generally not suable entities under § 1983; local governments can be liable under § 1983 only if injury stems from official policy or custom). As such, the complaint will be dismissed as legally frivolous as to defendant Maryland Heights Police Department.

**Motion for Temporary Restraining Order**

Two days after he filed this complaint, plaintiff filed a motion for temporary restraining order, asking the court to restrain defendant King and his anonymous partner from "sitting around your plaintiff's apartment." Liberally construing the motion, he alleges that the defendant police officers, in their police cars, are parked in front of and behind his apartment, and are shining lights toward the front door. These allegations are insufficient to warrant relief under § 1983, and they are insufficient to warrant issuance of emergency relief. Police duties require that police drive on the public streets, and police may lawfully park on the public streets. These allegations do not state a constitutional violation, and so I will deny the motion for temporary restraining order.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 1] be **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall issue process as to defendants Unknown Bryant, Unknown Monje, Unknown King and Unknown Police Officer.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Unknown Bryant, Unknown Monje, Unknown King and Unknown Police Officer shall respond to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint against defendants Phelps County Jail and Maryland Heights Police Department because, as to these defendants, it is frivolous or fails to state a claim upon which relief may be granted, or both. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall docket this case as *Leroy Simmons v. Unknown Bryant, Unknown Monje, Unknown King, Unknown Police Officer, Phelps County Jail and Maryland Heights Police Department.*

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. 4] be **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for temporary restraining order [Doc. 5] is denied.

An appropriate order shall accompany this order and memorandum.

Dated this 25th day of July, 2006.

_____
**UNITED STATES DISTRICT JUDGE**