UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LEROY SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CV1045 CDP |
| | ) | |
| PATRICK BRYANT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Leroy Simmons brings this *pro se* action under 42 U.S.C. § 1983 alleging that defendants wrongfully arrested and held him in violation of the Fourth Amendment. It is undisputed that Leroy Simmons was arrested and jailed for ten days on a warrant for the arrest of his brother, Frank Simmons. Defendants have moved for summary judgment on the basis of qualified immunity. I conclude that under all the circumstances present here, objectively reasonable police officers would not have known that their actions violated Leroy Simmons' clearly established constitutional rights, so defendants are entitled to qualified immunity.

Background

Defendants Jeff King and Kevin McComas arrested Leroy Simmons on June 29, 2006, based on a warrant for "Frank Leroy Simmons" from Phelps County, Missouri. Phelps County finally released Simmons on July 7, 2006, after

determining that, as Simmons had been telling everyone for ten days, it really was his brother, Frank Simmons, who was wanted in Phelps County for assault of a police officer. Plaintiff has sued both King and McComas, who are Maryland Heights police officers, and Patrick Bryant and Edward Monje, who are officers of the Phelps County Sheriff's Department.

On June 30 King had received an anonymous telephone call reporting that Leroy Simmons was harassing residents at 189 Apple Ave. in Maryland Heights. King then ran a computer check through the Regional Justice Intraface System (REJIS) to determine if Leroy Simmons had any outstanding warrants. The computer check revealed an outstanding warrant from Phelps County for a "Frank Leroy Simmons" for assault of a law enforcement officer in the second degree. The warrant stated that "Frank Leroy Simmons" had at various times used the names "Lee Roy Simmons," "Leroy Simmons," and "Theodore Simmons." Additionally, the computer system listed 2144 69th St., Hillsdale, Missouri as a previous known address for "Frank Simmons." A check of the Missouri Department of Revenue database revealed that this address had been used by both "Frank Simmons" and "Leroy Simmons." Believing that the person who was the subject of the anonymous phone call was the same person described in the arrest warrant, Officers King and McComas decided to arrest Mr. Simmons.

The officers went to 189 Apple Ave. on June 29, 2006, where they met plaintiff Leroy Simmons. When the officer informed plaintiff that they had a warrant for the arrest of "Frank Leroy Simmons," he replied that Frank Simmons was his brother. He also stated that he had previously lived at 2144 69th St. in Hillsdale with his brother Frank. The officers decided to arrest Leroy Simmons and transport him to the Maryland Heights Police Department to determine his identity.

The Maryland Heights officers then contacted the Phelps County Police Department, which had issued the original warrant. King advised his superior that he did not believe the individual in custody was the individual listed in the warrant. This information was relayed to Sergeant Bryant in the Phelps County Police Department. Bryant reviewed driver's license photographs of Frank Simmons and Leroy Simmons in an attempt to determine which individual was "Frank Leroy Simmons." Bryant was unable to make a positive determination and decided to have the plaintiff extradited to Phelps County on June 30, 2006.

When plaintiff arrived at Phelps County Jail he advised Sergeant Bryant that he was not Frank Simmons. Sergeant Bryant took plaintiff's fingerprints and forwarded them via computer to the Missouri State Highway Patrol. The highway patrol database matched plaintiff's fingerprints to twelve separate names,

including "Frank Simmons" and "Leroy Simmons." In addition, the database identified three different social security numbers and five different birth dates associated with the fingerprinted individual. Plaintiff was ultimately released on July 7, 2006, after it was determined that he was not the individual named in the "Frank Leroy Simmons" warrant. The record does not show that Officer Edward Monje, who is also named as a defendant in this suit, had any contact with the plaintiff relating to this claim.

In his deposition testimony, plaintiff admits that his brother Frank Simmons had previously used the name "Leroy Simmons" in order to escape arrest. Plaintiff also admits that he himself had previously used other names in order to avoid being arrested. Plaintiff admits that he may have used the name "Frank Simmons" sometime in the 1970s or 1980s.

## Discussion

Defendants have moved for summary judgment on the basis of qualified immunity. "Qualified immunity is a question of law not a question of fact." *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Issues concerning qualified immunity are thus appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (The privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute

immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

Qualified immunity analysis involves two elements that must be considered in proper sequence. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). The threshold inquiry is this: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Id*. If a violation is found, the second step is to ask "whether the right was clearly established in light of the specific context of the case." *Scott v. Harris*, 127 S. Ct. 1769, 1774 (2007); *Duckworth v. St. Louis Metropolitan Police Department*, 491 F.3d 401, 405 (8th Cir. 2007). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202. "Reasonable mistakes can be made as to the legal constraints on particular conduct. If the officer's mistake as to what the law requires is reasonable, the officer is entitled to the immunity defense." *Duckworth*, 491 F.3d at 407 (citations omitted).

The undisputed facts show that Leroy Simmons was arrested and held for ten days under a warrant that had been issued for his brother. No valid warrant was ever issued for plaintiff Leroy Simmons. As such, plaintiff has asserted a violation of his constitutional rights that satisfies the first inquiry under *Saucier*.

*See McClendon*, 403 F.3d at 515 (In a Fourth Amendment case alleging unreasonable seizure, "the initial analysis simply entails (1) an examination of the text of the warrant, (2) an examination of the defendants' conduct, and (3) a determination as to whether that conduct exceeded the terms of the warrant."). As plaintiff has shown a constitutional violation, I turn to the second qualified immunity factor.

The facts of this case do not show that the constitutional violation would have been "clear to a reasonable officer . . . in the situation he confronted." *Saucier*, 533 U.S. at 202. In a very similar case, *Young v. Little Rock*, 249 F.3d 730 (8th Cir. 2001), the Eighth Circuit Court of Appeals found that it was objectively reasonable for officers to hold a person over a weekend until a judge could make the final determination whether she was the person named in the warrant. Similarly, in *Baker v. McCollan*, 443 U.S. 137 (1979) the Supreme Court found no Fourth Amendment violation where the wrong person was held for three days until a probable cause hearing. I conclude that the situation here is essentially the same as in those cases, even though the length of time Simmons was wrongly held was longer.

The officers attempted numerous times to ascertain the identity of the person they held in custody. Officer King ran computer checks both with the

REJIS system and the Missouri Department of Revenue. Sergeant Bryant compared driver's license photographs and ran a fingerprint check with the Missouri Highway Patrol. In each of these database searches, the multiple names, social security numbers, and birth dates only added to the confusion. The undisputed facts show that a reasonable officer could have believed the "Frank Leroy Simmons" named in the arrest warrant to have been either Leroy Simmons, the plaintiff, or Frank Simmons, his brother.

In his brief, plaintiff claims that the defendants disregarded the "great range of physical difference" between himself and his brother Frank, the proper subject of the arrest warrant. But a reasonable police officer would not necessarily have seen this as a great difference. "Frank Leroy Simmons" is described in the arrest warrant as a male, age 57, height 5'8" and weighing 185 pounds. The warrant lists two birth dates: November 14, 1949 and May 17, 1951. A second outstanding arrest warrant for a traffic offense listed "Frank Leroy Simmons" as weighing 170 pounds. Plaintiff's inmate report from the Phelps County Sheriff's Office describes him as a male, age 56, height 5'8" and weighing 140 pounds. Plaintiff gives his own birth date as November 14, 1949, one of those listed on the warrant. The 30-45 pounds difference alone is not enough to clearly alert the officers that they were holding the brother of the individual they wanted.

Plaintiff argues that the officers refused to accept any form of identification from him that would have proven he was not Frank Simmons. Plaintiff claims he tried to offer defendants both his driver's license and the labels off his prescription medicine. Plaintiff's argument is defeated by the fact that Defendants actually consulted the Missouri Department of Revenue database in order to ascertain his identity. None of the identification proffered by plaintiff would have resolved the confusion. Sergeant Bryant compared the driver's license identifications of Frank and Leroy Simmons, and was unable to say for sure which individual was named in the arrest warrant.

Even if the arresting officers were not convinced that the plaintiff was the person named in the arrest warrant, they cannot be said to have acted unreasonably in arresting and detaining him. Plaintiff's and his brother's past practice of using one another's names created the confusion that led to plaintiff's arrest. The defendants all took reasonable steps to ascertain the plaintiff's identity, and they are entitled to qualified immunity.

Other Claims and Motions

Defendants addressed plaintiff's claims regarding his conditions of confinement in their motion for summary judgment, but those claims were dismissed in an earlier order. Plaintiff's claim that some other police officers in a

different jurisdiction retaliated against him for filing this law suit is unsupported by any evidence and was not properly plead. Plaintiff's attempt to amend his complaint to add allegations about defendants' insurance coverage is improper as well as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion for summary judgment [#36] is granted, and all other pending motions are denied as moot.

Judgment in accord with this Memorandum and Order is entered separately.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 10th day of September, 2007.